UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY COX,<br>Plaintiff,<br>-against-<br>THEE UNITED STATES; et al.,<br>Defendants. | 26-CV-0365 (LTS)<br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se* while he was incarcerated. By order dated January 20, 2026, the Court directed Plaintiff, within 30 days of that order, to pay the filing fees or file a completed application to proceed *in forma pauperis* ("IFP")—that is, without prepayment of fees—and a prisoner authorization. (ECF No. 3.) On March 6, 2026, the Court dismissed the complaint without prejudice due to Plaintiff's failure to pay the filing fees or file an IFP application and a prisoner authorization, and on March 9, 2026, the Clerk of Court entered judgment for Defendants. (ECF Nos. 4-5.) On March 19, 2026, the Court received from Plaintiff an IFP application and prisoner authorization (ECF Nos. 5-6), both of which are dated March 4, 2026—two days before the order of dismissal but after the deadline set forth in the Court's order dated January 20, 2026—and are presumed to have been filed with the Court on that date. *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison mailbox rule). Plaintiff subsequently filed a notice of appeal, which is dated March 13, 2026 and was received by the Court on March 24, 2026.[1] (ECF No. 8.)

---

[1] In another case brought *pro se* by Plaintiff, the court directed him to show cause, within 30 days of that order, why he should not be regarded as barred from filing any new civil action IFP while incarcerated, unless he is in imminent danger of physical injury, under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision. *See Cox v. DOJ*, No. 26-CV-4632 (LLS) (S.D.N.Y., order docketed June 18, 2026). Plaintiff did not show cause. Instead,

The Court liberally construes Plaintiff's IFP application and prisoner authorization as including a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

### A. Motion to Alter or Amend the Judgment under Rule 59(e)

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

---

he filed a notice of appeal. (ECF No. 5.)

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Although Plaintiff's IFP application and prisoner authorization are deemed filed on March 4, 2026, this was weeks after the documents were due on or about February 19, 2026. Moreover, Plaintiff makes no argument about why his submissions were untimely. Even if Plaintiff had timely filed an IFP application and prisoner authorization, which he did not, his late-filed IFP application does not provide any information concerning his ability or inability to pay the filing fees in this action; it is, in substance, blank. Accordingly, the Court denies Plaintiff's motion under Rule 59(e).

**B. Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Rule 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

Just as with Plaintiff's motion under Rule 59(e), Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**C. Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

> applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**CONCLUSION**

The Court denies Plaintiff's motion for relief under Local Civil 6.3, and Rules 59(e) and 60(b).

The Clerk of Court is directed to terminate all motions in this action and transmit a copy of this order to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 28, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge